FILED
United States Court of Appeals
Tenth Circuit

May 10, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD JOE JELANI,

                Petitioner - Appellant,

    v.

GREG PROVINCE, Warden,

                Respondent - Appellee.

No. 11-5024
(D.C. No. 4:09-CV-00343-CVE-FHM)
(N.D. Oklahoma)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **ANDERSON** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Proceeding *pro se*, Oklahoma state prisoner Donald Joe Jelani seeks a

certificate of appealability ("COA") so that he may appeal the denial of his 28

U.S.C. § 2254 petition for a writ of habeas corpus. For the following reasons, we

---

[*]This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conclude that he does not satisfy the requirements for issuance of a COA, and we therefore decline to grant one and dismiss this matter.

### BACKGROUND

On March 12, 2005, at approximately 10 p.m., Mr. Jelani fired two shots from a .357 magnum handgun, killing Noel Smith, who was engaged to be married to Mr. Jelani's ex-wife. The ex-wife (Ms. Jelani) was at the scene of the shooting.

Mr. Jelani was charged with First Degree Murder in a Tulsa County district court and found guilty by a jury. In accordance with the jury's recommendation, the court sentenced him to life in prison with the possibility of parole. Mr. Jelani appealed to the Oklahoma Court of Criminal Appeals ("OCCA"), arguing four issues: (1) the state failed to prove beyond a reasonable doubt that Mr. Jelani was not acting in self-defense; (2) the trial court erred in denying his motion to suppress his audiotaped interview with the police because the statements were not knowing and voluntary; (3) defense counsel rendered ineffective assistance in failing to request a lesser-included instruction of "Manslaughter in the First Degree by Resisting Criminal Attempt"; and (4) the cumulative effect of these errors required the reversal of Mr. Jelani's conviction. The OCCA considered and rejected each claim, affirming his conviction on January 9, 2008. Opinion & Order at 2, R. Vol. 1 at 276.

On December 22, 2008, Mr. Jelani, acting *pro se*, filed an application for post-conviction relief in Oklahoma state district court. He argued six issues: (1) ineffective assistance of appellate counsel; (2) ineffective assistance of both trial and appellate counsel; (3) ineffective assistance of appellate counsel for failing to properly investigate and argue readily available mitigating records indicating that his initial arrest was illegal, which, in turn, elicited illegally obtained statements and evidence of the ineffectiveness of trial counsel; and (4) ineffective assistance of appellate counsel for failing to properly raise prior inconsistent statements of material witness Chris Smith; (5) ineffective assistance of appellate counsel for failing to raise a claim of prosecutorial misconduct; and (6) cumulative error. On February 13, 2009, the state district court denied relief, and the OCCA affirmed that denial on appeal.

On June 3, 2009, Mr. Jelani filed the instant federal petition for habeas relief. He presented nine grounds for relief: (1) the state failed to prove beyond a reasonable doubt that Mr. Jelani was not acting in self-defense; (2) the trial court erred in denying Mr. Jelani's motion to suppress his audiotaped interview with the police because the statements were not knowing and voluntary; (3) defense counsel was ineffective in failing to request a lesser included instruction of manslaughter in the first degree by raising criminal attempt; (4) appellate counsel was ineffective in failing to fully and properly address propositions of merit raised in "advisory propositions of error" without Mr. Jelani's consent; (5)

appellate counsel was ineffective in failing to fully explore available testing for the knife found next to the victim's body; (6) appellate counsel was ineffective in failing to properly investigate and argue readily available mitigating records; (7) appellate counsel was ineffective in failing to properly raise prior inconsistent statements of prosecution material witness Chris Smith; (8) appellate counsel was ineffective in failing to raise the issue of prosecutorial misconduct in Mr. Jelani's direct appeal; and (9) the cumulative effect of these errors requires a reversal of his trial and/or an evidentiary hearing and new trial.

After concluding that Mr. Jelani had exhausted all his claims under state law and that he was not entitled to an evidentiary hearing, the federal district court rejected all his claims on their merits. The court granted Mr. Jelani leave to proceed on appeal *in forma pauperis,* but denied him a COA. Mr. Jelani accordingly requests a COA from us.

## DISCUSSION

To obtain a COA, Mr. Jelani must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). A prisoner may make a "substantial showing of the denial of a constitutional right" by "showing that reasonable jurists could debate whether . . .the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

Id. at 484. Thus, when the district court has ruled on the merits of the petitioner's claims, he must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Where the district court ruled on procedural grounds, a COA may be granted when the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Id.

The district court began its analysis by setting out the appropriate standard for review of the state court decisions under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Thus, under AEDPA, when a petitioner has had a claim adjudicated, he may obtain federal review of the claim only if he can show the state decision was "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Bunton v. Atherton, 613 F.3d 973, 977-78 (10th Cir. 2010). When the state court applies the correct law to deny relief, a federal habeas court may only consider whether the state court applied the federal law in an objectively reasonable manner. Bunton, 613 F.3d at 978-79. Finally, a "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the

presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The district court thereafter examined each of the issues presented by Mr. Jelani and carefully addressed them in light of the AEDPA requirements. We find nothing debatable or questionable in the district court's careful and thoughtful determinations in this. No jurist of reason would question the correctness of the district court's decision. Accordingly, we deny a COA and dismiss this matter.


**CONCLUSION**

For the foregoing reasons, we DENY a COA and DISMISS this matter.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge